IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-367-FL

| | |
|---|---|
| TIMOTHY BELL, BRITTNEY MARSHALL, TAYLOR MARSHALL, JAIMEE ALEXANDER, and BRIANNA STRIPLING, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| AVIS BUDGET CAR RENTAL, LLC, | )<br>) |
| Defendant. | ) |

ORDER

This matter comes before the court on defendant's motion to dismiss plaintiffs' amended complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 25). The issues raised have been fully briefed, and in this posture are ripe for ruling. For the reasons that follow, defendant's motion is granted.

## STATEMENT OF THE CASE

Plaintiffs commenced this action in Cumberland County Superior Court on July 3, 2019, claiming that defendant is liable for certain misconduct of Jude Stinson ("Stinson"), defendant's former site manager for Avis Rental Car at the Fayetteville Regional Airport. Plaintiffs allege negligent infliction of emotional distress, negligent supervision and retention, and assault and battery. On July 24, 2019, defendant was served process in the instant action. Defendant removed the action to this court on August 22, 2019, invoking the court's diversity jurisdiction. On November 18, 2019, plaintiffs filed their amended complaint. The court granted plaintiffs leave

to amend their complaint the next day. Defendant filed the instant motion to dismiss on December 30, 2019.

## STATEMENT OF FACTS

Plaintiffs were employees of MLS Systems that assisted Avis Rental Car employees in moving cars, washing and servicing cars, and transporting cars at the Fayetteville Regional Airport. (Am. Compl. ¶ 7). Stinson served as defendant's site manager at the airport and interacted with plaintiffs in the course of performing their employment duties with MLS. (Id. ¶¶ 8, 13). From 2015 through late July 2016, Stinson engaged in sexually offensive behavior and subjected all employees to a relentless barrage of yelling, screaming, and threats regarding their employment and livelihood. (Id. ¶¶ 8, 9). Stinson's behavior in dealing with plaintiffs continued from the beginning of their employment until defendant removed Stinson from the Fayetteville facility in July 2016. (Id. ¶¶ 9, 10).

Plaintiff Bell alleges that he was subjected to inappropriate sexually related comments, harassed and demeaned by Stinson beginning in February 2015 through late July 2016. (Id. ¶¶ 15–16). Stinson also threatened plaintiff Bell's continued employment with MLS and made false reports about plaintiff Bell's work performance. (Id. ¶ 17). Plaintiff complained to defendant's human resources department and Mark Whitt, defendant's regional director and Stinson's superior, in May 2016 regarding Stinson's inappropriate, offensive, and unwelcome harassment of a male MLS employee. (Id. ¶¶ 14, 18, 20). Plaintiff Bell told Whitt verbally in a phone call and later in an email about the sexual harassment and hostile work environment and the constant berating and belittling by Stinson. (Id. ¶ 20). Stinson's inappropriate behavior continued after these complaints. (Id.). Defendant also was made aware of an independent investigation confirming the allegations against Stinson in June 2016. (Id. ¶ 54).

2

Plaintiff Brittney Marshall alleges that she began to experience harassing behavior by Stinson from April 2016 through late July 2016. (Id. ¶ 21). Stinson made comments about plaintiff Brittney Marshall smelling good, put his arms around her, touched her upper arm near her breast, held on to her hand when she was turning in car keys to him, and told her on a number of occasions that he could be her sugar daddy. (Id. ¶ 22). Stinson berated and harassed plaintiff Brittney Marshall, including by making false complaints and complaints about petty things such as her rolling up her sleeves on hot days while working outside. (Id. ¶¶ 24, 26).

Plaintiff Taylor Marshall alleges that she was subjected to inappropriate touching and comments by Stinson on a regular basis from February 2016 through July 2016. (Id. ¶¶ 27, 28). Stinson would on occasion would smell plaintiff Taylor Marshall's hair, made inappropriate sexual remarks, and tried to pull her towards him forcefully and give unwanted hugs as often as two to three times per week. (Id. ¶¶ 11, 28). Stinson would hold on to and rub plaintiff Taylor Marshall's hand when she turned in keys, and he would grab her by the arm around the elbow repeatedly, even after she would jerk her arm away. (Id. ¶¶ 29–30). Plaintiff Taylor Marshall also observed Stinson eyeing women and men, including herself, in a sexually inappropriate way and making comments about their bodies. (Id. ¶¶ 31–33). On one occasion when plaintiffs Brittney Marshall and Taylor Marshall were leaving work, Stinson invited them to go to dinner and join him in his hotel room. (Id. ¶¶ 12, 31).

Plaintiff Brianna Stripling alleges that, beginning in 2015, she endured Stinson's inappropriate sexual comments, inappropriate comments about her appearance, and other demeaning comments, such as calling her and other employees fat, idiots, and dumb. (Id. ¶ 34). On numerous occasions, Stinson referred to plaintiff Stripling as "mama" and "baby." (Id. ¶ 35). In early 2016, Stinson began giving plaintiff Stripling inappropriate hugs and holding on to her

3

hand while she returned keys to him. (Id. ¶ 34). Whenever Stripling expressed concerns about her mistreatment, Stinson made false accusations that Stripling was not clearing the cars. (Id. ¶ 37).

Plaintiff Jaimee Alexander alleges harassment from Stinson in the form of inappropriate, demeaning, and sexual comments, as well yelling. (Id. ¶ 38).

## COURT'S DISCUSSION

A.  Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

   1.  Negligent Infliction of Emotional Distress

A negligent infliction of emotional distress claim has three basic elements: "(1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress (often referred to as 'mental anguish'), and (3) the conduct did in fact cause the plaintiff severe emotional distress." Johnson v. Ruark Obstetrics

4

& Gynecology Assocs., P.A., 327 N.C. 283, 304 (1990). In an unpublished decision, the United States Court of Appeals for the Fourth Circuit dismissed a negligent infliction of emotional distress claim because "the material factual allegations charge[d] nothing but intentional acts by Lydall in failing to accommodate Mitchell's MS condition and in discharging him." Mitchell v. Lydall, Inc., 16 F.3d 410 (4th Cir. 1994) (table). The district courts of this state have repeatedly applied this rule, dismissing NIED claims where plaintiffs only allege intentional conduct on the part of the tortfeasor. See, e.g., Bonham v. Wolf Creek Acad., 767 F. Supp. 2d 558, 563, 573 (W.D.N.C. 2011); Ennett v. Cumberland Cty. Bd. of Educ., 698 F. Supp. 2d 557, 560 (E.D.N.C. 2010); Bratcher v. Pharm. Prod. Dev., Inc., 545 F. Supp. 2d 533, 545–46 (E.D.N.C. 2008); Barbier v. Durham Cty. Bd. of Educ., 225 F. Supp. 2d 617, 631 (M.D.N.C. 2002); Thomas v. N. Telecom, Inc., 157 F. Supp. 2d 627, 637 (M.D.N.C. 2000).

Taking the facts alleged in the complaint as true, Stinson threatened plaintiffs' continued employment with MLS and made false reports about their work performance. (Am. Compl. ¶¶ 17, 26, 37). He forcefully and inappropriately touched plaintiffs. (Id. ¶¶ 11, 22, 28–30, 34). He made propositioned plaintiffs by inviting them to go to dinner and come back to his hotel room, and by suggesting that he could be one plaintiff's sugar daddy. (Id. ¶¶ 12, 22, 31). He made numerous other inappropriate comments, such as calling women fat, dumb, or idiotic. (Id. ¶¶ 9, 32–34). He also yelled at, berated, and demeaned plaintiffs in front of customers and co-workers. (Id. ¶¶ 8, 16, 24, 38). Like Mitchell, the material factual allegations charge nothing but intentional acts by Stinson.

Plaintiffs argue that their negligent infliction of intentional distress claim nonetheless survives because defendant was negligent in "ratifying" Stinson's conduct. (Pl. Resp. (DE 29) at 5). Ratification goes to the issue of vicarious liability. "A principal is liable for the torts of his

5

agent (1) when expressly authorized; (2) when committed within the scope of his employment and in furtherance of his master's business--when the act comes within his implied authority; [or] (3) when ratified by the principal." Snow v. De Butts, 212 N.C. 120, 122 (1937) (emphasis added). As discussed above, Stinson's conduct was intentional. Therefore, defendant cannot be vicariously liable for negligent infliction of emotional distress, where Stinson's conduct was not negligent.

Seeking to assert direct liability, plaintiffs also argue that defendant's "fail[ure] to take action in response to complaints of sexual harassment constitutes a breach of duty, which resulted in damage to the [p]laintiffs." (Pl. Resp. (DE 29) at 5). Plaintiffs contend that defendant, "with notice from Whitt and its Human Resource Department, should have foreseen that Stinson's behavior could cause severe emotional distress." (Pl. Resp. (DE 29) at 7). The cause of action plaintiffs describe is negligent supervision and retention, which the court discusses more fully below. Like vicarious liability, "[a]n essential element of a claim for negligent retention of an employee is that the employee committed a tortious act resulting in plaintiffs' injuries." Waddle v. Sparks, 331 N.C. 73, 87 (1992) (citing Pleasants v. Barnes, 221 N.C. 173, 177 (1942)). As Stinson's conduct was intentional, plaintiffs' negligent infliction of emotional distress claims are dismissed with prejudice.

2. Assault and Battery

Plaintiffs Brittney Marshall, Taylor Marshall, and Stripling allege assault and battery by Stinson.[1] An assault is 1) an intentional act or display of force or violence threatening plaintiff with imminent bodily injury, that 2) gives plaintiff reasonable apprehension that harmful or offensive contact with her person was imminent. Dickens v. Puryear, 302 N.C. 437, 444–46 (1981). A battery is 1) a harmful or offensive bodily contact, 2) intentionally caused by defendant,

---

[1] Plaintiffs Bell and Alexander do not plausibly allege a cognizable assault or battery claim.

6

3) without plaintiff's consent. Id.; Hayes v. Lancaster, 200 N.C. 293, 156 S.E. 530, 531 (1931). Viewing the facts alleged in the complaint in light most favorable to plaintiffs Brittney Marshall, Taylor Marshall, and Stripling, each plausibly alleges assault and battery against Stinson. (See Am. Compl. ¶¶ 11, 22, 28–30, 34).

As discussed earlier, "[a] principal is liable for the torts of his agent (1) when expressly authorized; (2) when committed within the scope of his employment and in furtherance of his master's business--when the act comes within his implied authority; [or] (3) when ratified by the principal." Snow, 212 N.C. at 122 (1937). Plaintiffs solely contend that Stinson's conduct was ratified by defendant.[2] (Pl. Resp. (DE 29) at 8). To plead ratification, a party must allege "(1) that at the time of the act relied upon, the principal had full knowledge of all material facts relative to the unauthorized transaction, and (2) that the principal had signified his assent or his intent to ratify by word or by conduct which was inconsistent with an intent not to ratify." Carolina Equip. & Parts Co. v. Anders, 265 N.C. 393, 400–01 (1965) (internal citations omitted).

"It is what a party does, and not what he may actually intend, that fixes or ascertains his rights under the law . . . . The law will presume that he intended the legal consequences of what he does, or, in other words, that his intention accords in all respects with the nature of his act." Id. at 401 (quoting Norwood v. Lassiter, 132 N.C. 52, 56–57 (1903)). The case of Brown v. Burlington Indus., Inc., 93 N.C. App. 431 (1989) is illustrative. In Brown, the department manager, a supervisor with general power over the conduct and control of defendant's business in the department, had an explicit obligation under company policy to report sexual misconduct to higher authorities within the company when such misconduct was reported to him by an employee.

---

[2] As plaintiffs have abandoned any argument that Stinson's conduct was expressly authorized or within the scope of Stinson's employment, the court does not reach those issues. See, e.g., Cashwell v. Town of Oak Island, 383 F. Supp. 3d 584, 590 (E.D.N.C. 2019); Al-Deen v. Trustees of Univ. of N. Carolina, Wilmington, 102 F. Supp. 3d 758, 768 (E.D.N.C. 2015).

7

Id. at 437–38.  In that case, the department manager received plaintiff's complaint of sexual harassment by plaintiff's coworker and failed to act.  Id.  Where the harassing coworker continued his behavior unabated, the court held a reasonable trier of fact could conclude that defendant ratified the conduct of the coworker responsible for sexually harassing plaintiff.  Id. at 438.

In the instant case, plaintiff Bell complained to defendant's Human Resources department about Stinson's behavior in May 2016.  (Am. Compl. ¶ 18).  Likewise, plaintiff Bell contacted Whitt to complain about Stinson's "inappropriate, offensive, and unwelcome harassment of an MLS male employee" in May 2016.  (Id. ¶¶ 14, 20).  Plaintiff Bell told Whitt in a phone call and later in an email about the sexual harassment and hostile work environment and the constant berating and belittling behavior of Stinson, including repeated threats to have them fired.  (Id. ¶ 20).  Defendant was made aware of an independent investigation confirming these allegations in June 2016.  (See id. ¶ 54).  Nowhere does the amended complaint allege that plaintiff Bell ever told defendant about Stinson's assaults and batteries against plaintiffs Brittney Marshall, Taylor Marshall, and Stripling.  Likewise, the court cannot infer from the subjects complained of by plaintiff Bell and corroborated in the June 2016 investigation that defendant had full knowledge of the alleged assaults and batteries by Stinson.

In addition, plaintiffs fail to allege that defendant assented to Stinson's assaults or batteries. Plaintiff Bell complained to defendant's Human Resources department about Stinson's behavior in May 2016.  (Am. Compl. ¶ 18).  Likewise, plaintiff Bell contacted Whitt to complain about Stinson's "inappropriate, offensive, and unwelcome harassment" in May 2016.  (Id. ¶ 20). Defendant was made aware of an independent investigation confirming the complaints in June 2016.  (Id. ¶ 54).  Defendant removed Stinson from the Fayetteville facility in July 2016.  (Id. ¶¶ 9, 10).

Plaintiffs invite the court to infer that defendant unreasonably delayed in removing Stinson, and that in so delaying it ratified Stinson's actions. (See id. ¶¶ 10, 14, 18, 23, 33, 49, 54, 55, 63). However, plaintiffs do not allege that Whitt or defendant's Human Resources department ignored company policy regarding reporting, investigation, and disposition of harassment complaints, leaving the court to speculate that defendant's delay in removing Stinson was an assent to Stinson's conduct. Plaintiffs' amended complaint fails to plausibly allege defendant is vicariously liable for Stinson's assaults and batteries. Plaintiffs' assault and battery claims are dismissed without prejudice.[3]

3. Negligent Supervision and Retention

A claim for negligent supervision and retention is "entirely independent of the employer's liability under the doctrine of respondeat superior." Braswell v. Braswell, 330 N.C. 363, 373 (1991) (emphasis in original). To state a claim, plaintiffs must allege

> (1) the specific negligent act on which the action is founded . . . [;] (2) incompetency, by inherent unfitness or previous specific acts of negligence, from which incompetency may be inferred; [] (3) either actual notice to the master of such unfitness or bad habits, or constructive notice, by showing that the master could have known the facts had he used ordinary care in 'oversight and supervision,' . . . ; and (4) that the injury complained of resulted from the incompetency proved.

Medlin v. Bass, 327 N.C. 587, 590–91 (1990) (emphasis omitted) (quoting Walters v. Lumber Co., 163 N.C. 536, 541 (1913)); see Pleasants, 221 N.C. at 177. An employer's liability for negligent supervision and retention also extends to an incompetent employee's intentional torts. See, e.g.,

---

[3] Defendant also argues that the statute of limitations bars plaintiffs' claims. "Ordinarily, a defense based on the statute of limitations must be raised by the defendant through an affirmative defense, see Fed. R. Civ. P. 8(c), and the burden of establishing the affirmative defense rests on the defendant." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). "[A] motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein." Brockington v. Boykins, 637 F.3d 503, 506 (4th Cir. 2011). Dismissal under Rule 12(b)(6) based on affirmative defenses only "is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." Id. Where defendant argues that it is unclear from the face of the amended complaint whether the statute of limitations bars plaintiffs' claims, such defense is not clearly meritorious.

Wegner v. Delly-Land Delicatessen, Inc., 270 N.C. 62, 65 (1967); Lamb v. Littman, 128 N.C. 361, 363–64 (1901).

Turning to the first element, plaintiffs allege that "assault and battery, inappropriate sexual comments and harassment and inappropriate threats to the plaintiffs' livelihood" are tortious conduct by Stinson. (Am. Compl. ¶ 55). As noted above, plaintiffs Taylor Marshall, Brittney Marshall, and Stripling plausibly allege assault and battery by Stinson. However, sexual harassment and retaliation, standing alone, are not cognizable torts under North Carolina law. See McLean v. Patten Communities, Inc., 332 F.3d 714, 719 (4th Cir. 2003); Smith v. First Union Nat. Bank, 202 F.3d 234, 247 (4th Cir.2000). The only other tort that plaintiffs allege in their amended complaint, negligent infliction of emotional distress, does not embrace Stinson's intentional conduct.

Drawing all reasonable inferences in favor of plaintiffs Taylor Marshall, Brittney Marshall, and Stripling, the amended complaint plausibly alleges Stinson's incompetence as a supervisor, based on the assaults and batteries alleged.

However, plaintiffs Taylor Marshall, Brittney Marshall, and Stripling fail to allege facts from which the court may reasonably infer that defendant had notice of the assaults and batteries alleged. As discussed above, plaintiff Bell generally complained to defendant's Human Resources department and to Whitt about Stinson's harassment and retaliation. (Am. Compl. ¶¶ 14, 18, 20). Those complaints were corroborated by independent investigation in June 2016. (Id. ¶ 54). The court cannot infer that defendant had notice of Stinson's alleged assaults and batteries where the amended complaint does not allege plaintiff Bell complained of any forceful or inappropriate touching, or that defendant was later made aware of such touching in the independent investigation

10

brought to its attention in June 2016. Plaintiffs' negligent supervision and retention claims are dismissed without prejudice.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss for failure to state a claim (DE 25) is GRANTED. Plaintiffs' negligent infliction of emotional distress claims are DISMISSED WITH PREJUDICE. Plaintiffs' negligent supervision and retention claims and assault and battery claims are DISMISSED WITHOUT PREJUDICE. Where certain of the deficiencies noted herein may be curable by amendment, plaintiff is ALLOWED to file motion to amend, together with proposed amended complaint, not later than **May 11, 2020.** Should plaintiff fail so to file, the clerk is DIRECTED to close this case without further order from the court.

SO ORDERED, this the 10th day of April, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge